NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11495


JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 156545  vs.  SEX
OFFENDER REGISTRY BOARD.



July 9, 2014.



Sex Offender.  Mandamus.  Practice, Civil, Sex offender, Action
      in nature of mandamus, Transcript of testimony.
      Administrative Law, Proceedings before agency, Adjudicatory
      proceeding, Record, Judicial review.



      The petitioner appeals from a judgment of a single justice
of this court declining to compel the Sex Offender Registry
Board (board) to produce a transcript of the petitioner's
classification hearing.  We hold that, in the peculiar
circumstances of this case, the petitioner is entitled to the

      Background.  In September 2009, the board notified the
petitioner that it had preliminarily classified him as a level
three sex offender.  The petitioner requested a hearing,
pursuant to G. L. c. 6, § 178L, which was held on July 29, 2010.
After the hearing had been completed but before the hearing
examiner had rendered a decision, the examiner became
unavailable, and a successor examiner was appointed pursuant to
803 Code Mass. Regs. § 1.22(4) (2002).[1]  The successor examiner

---

      [1] Title 803 Code Mass. Regs. § 1.22(4) (2002) provides as
follows:

          "If the Hearing Examiner becomes unavailable before
      completing his decision, the Chair shall appoint a
      successor to assume the case and render the decision.  If

issued his decision on January 12, 2011, classifying the petitioner as a level three offender. The petitioner thereafter commenced an action for judicial review in the Superior Court pursuant to G. L. c. 30A; his counsel did not order a transcript of the classification hearing at that point, as he might have done, for inclusion in the administrative record. The board filed its answer, in the form of the administrative record, which did not include a copy of a transcript. A judge in the Superior Court denied the petitioner's motion for judgment on the pleadings and affirmed the board's decision classifying the petitioner as a level three offender.

The petitioner appealed, and his appeal was entered in the Appeals Court on March 9, 2012. The Appeals Court stayed the appeal, at the petitioner's request, to allow the petitioner time to file, and the Superior Court to consider, a motion to remand the matter to the board. The petitioner then filed in the Superior Court, pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), a motion seeking remand of the matter to the board so that it could reconsider his "motion for funds to retain an expert," or, "[a]lternatively, [to hold] a new classification hearing because he was denied the effective assistance of counsel at the hearing." He also sought "an order directing the [b]oard to produce a transcript of his classification hearing." In support of his request for an order directing the board to produce a transcript, the petitioner pointed to 803 Code Mass. Regs. § 1.22(4), see note 1, supra, which states that the board "shall provide" a successor hearing examiner and the parties with a copy of the transcript where, as here, the successor examiner is appointed after the presentation of evidence is complete and the record closed. Despite this requirement, no copy of the transcript was ever provided to the successor examiner or the parties.

A second judge in the Superior Court denied the request for a remand to the board as well as the petitioner's subsequent motion for reconsideration, and the petitioner filed a notice of appeal from the denial of each motion. Thereafter, the

the presentation of evidence has been completed and the record is closed, the successor shall decide the case on the basis of the record. Otherwise, the successor may either proceed with the hearing or require the presentation of evidence from the beginning. The Board shall provide the successor and the Parties with a copy of the transcript, or completed portions thereof, without cost."

petitioner filed his mandamus petition in the county court, seeking to compel the board to provide a copy of the hearing transcript. The single justice denied the petition, and the petitioner appeals.[2]

Discussion. The petitioner argues that the board had a legal duty to provide him with a copy of the transcript pursuant to 803 Code Mass. Regs. § 1.22(4); that the board failed to perform that duty; and that mandamus relief is therefore appropriate. In the circumstances of this case, we agree.

The regulation provides, in relevant part, that where, as here, a successor hearing examiner has been appointed after the presentation of evidence has been completed and the record closed, the board "shall provide the successor and the [p]arties with a copy of the transcript." See note 1, supra. The board's failure to comply with its duty was not inconsequential. Had the board provided the transcript as required, it would have been a part of the administrative record before the trial court judge, and the judge thus would have had full access to what transpired at the hearing. We recognize that the petitioner had an opportunity to request that the transcript be included in the administrative record after he filed his complaint for judicial review in the Superior Court and while the board was preparing the record, and that he made no such request. This does not abrogate the fact that the board had an unqualified legal duty, clearly set forth in 803 Code Mass. Regs. § 1.22(4), to provide a copy of the transcript to both the successor examiner and the parties at the time the successor examiner was appointed. With that in mind, we conclude that the most practical and reasonable course of action, in the circumstances presented here, is to allow the mandamus petition and to order the board to comply with its legal obligation pursuant to the regulation. After the transcript is prepared it should be made available to the Appeals Court. The Appeals Court may then take what action it deems appropriate.[3]

Conclusion. The judgment of the single justice is vacated and the case remanded to the county court where an order shall

---

[2] The proceedings in the Appeals Court remain stayed pending the outcome of this appeal.

[3] Our task here is only to consider the petitioner's mandamus petition, not to make any determinations regarding the petitioner's direct appeal, which remains pending in the Appeals Court.

enter directing the board to produce a copy of the transcript in accordance with this opinion.

_So ordered_.

_Valerie A. DePalma_ for the plaintiff.
_Jennifer K. Zalnasky_ for the defendant.